# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KELLY,<br><br>        Plaintiff,<br><br>    v.<br><br>D. JACKSON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-CV-00393-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM (DOC. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendations**

**I.**    **Background**

Plaintiff Richard Kelly ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on November 2, 2010, in Santa Clara County Superior Court. Doc. 1. On February 22, 2011, Defendants M. White, R. Boccella, D. Jackson, J. Gutierrez, J. Hartley, R. Roberts, M. Tuntakit, A. Vargas, and J. Gibson removed the action to this Court. *Id.*

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary Of Complaint

Plaintiff was previously incarcerated at Avenal State Prison ("ASP") in Avenal, California, where the events giving rise to this action occurred. Plaintiff names as Defendants correctional officers Jackson, Gibson, and Roberts. Plaintiff also names Defendants J. Gutierrez, A. Vargas, M. Tuntakit, James D. Hartley, R. Boccella, M. Whiteman, and Does 1 through 10 in the caption of his complaint.

Plaintiff alleges the following. On August 26, 2010, at approximately 3:30 a.m., correctional officer Alvarez woke up Plaintiff for a.m. kitchen worker release. Plaintiff informed officer Alvarez to inform someone that he was not going because he was given a job change that he did not want, and was willing to take a CDC 115 write up for it.

At 3:45 a.m., officer Alvarez informed Plaintiff that a sergeant would be in the building to talk with him. At 4 a..m., Defendants Gibson and Roberts came to Plaintiff's building. Plaintiff explained to Defendant Gibson what he had told officer Alvarez. Plaintiff was told to get dressed and get to work, or he would be written up for impeding a peace officer's count. Plaintiff went to retrieve his I.D. card and informed Defendant Gibson that he would like to speak to a sergeant. At 4:10 a.m., Defendants Gibson and Roberts escorted Plaintiff to the 1-yard support office, where two other Doe officers were present. A few minutes later, Defendant Jackson, the 1-yard a.m. kitchen officer, arrived. Defendant Jackson was irate, and asked what

2

was Plaintiff's problem.  Plaintiff told Defendant Jackson that he did not want the job and to give him the write up.  Defendant Jackson then began to use verbally abusive language at Plaintiff, which the Court need not repeat.

Plaintiff was placed into a holding cage for forty-five minutes before he was returned to his building.  Plaintiff contends a violation of his First, Eighth, and Fourteenth Amendment rights.  Plaintiff requests as relief compensatory and punitive damages.

**III.     Analysis**

     **A.     Linkage Requirement**

Plaintiff fails to link Defendants  J. Gutierrez, A. Vargas, M. Tuntakit, James D. Hartley, R. Boccella, M. Whiteman, and Does 1 through 10 to any act that indicates a violation of Plaintiff's constitutional rights.  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

If Plaintiff is alleging liability on the basis of any Defendants' roles as supervisors, Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that demonstrate Defendants personally participated in the alleged deprivation of constitutional rights, knew of constitutional violation and failed to act to prevent them, or promulgated a policy that is the moving force of a constitutional violation. *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

### B. First Amendment

Plaintiff contends that Defendants retaliated against Plaintiff when he refused to accept a work assignment. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to allege constitutionally protected conduct, or to link constitutionally protected conduct to any adverse action by Defendants. Thus, there is no First Amendment retaliation claim.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on

4

the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Wounds to one's dignity are not Eighth Amendment violations. "[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). Plaintiff fails to allege an Eighth Amendment claim.

### D.     Fourteenth Amendment

Plaintiff contends that his programming was disrupted by Defendant Jackson. Plaintiff has no constitutional right to rehabilitation. *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985).

Plaintiff complains that his dignity was verbally taken by Defendants. Plaintiff cannot state a cognizable § 1983 claim because reputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 701 (1976).

### E.     42 U.S.C. § 1988

Plaintiff lists 42 U.S.C. § 1988 as a cause of action. Section 1988 primarily concerns attorney's fees, which are not at issue.

### F.     Leave To Amend

The Court does not find that Plaintiff will be able to allege additional facts to cure the deficiencies identified herein. Accordingly, further leave to amend will not be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## IV.    Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty-**

1  **one (21) days** after being served with these Findings and Recommendations, the parties may file
2  written objections with the Court.  The document should be captioned "Objections to Magistrate
3  Judge's Findings and Recommendations."  The parties are advised that failure to file objections
4  within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
5  *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

6      IT IS SO ORDERED.

7      Dated:   **August 23, 2011**                    /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE